UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No. 19-cr-10234-FDS

UNITED STATES OF AMERICA

v.

JOHANNY MEJIA-NUNEZ

**ORDER ON DEFENDANT'S MOTION FOR
TEMPORARY RELEASE FROM CUSTODY**

April 20, 2020

Boal, M.J.

Defendant Johanny Mejia-Nunez has filed a motion for temporary release pursuant to 18 U.S.C. § 3142(i). Docket No. 56. For the following reasons, I deny the motion.

I.   BACKGROUND

Mejia-Nunez is charged in an indictment with possession with intent to distribute 400 grams or more of a mixture and substance containing fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(vi). Docket No. 18. An initial appearance was held on June 12, 2019, at which time the government moved for detention pursuant to 18 U.S.C. §§ 3142(f)(1)(B) (defendant is charged with an offense for which the maximum sentence is life imprisonment); (f)(1)(C) (defendant is charged with an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act), and (f)(2)(A) (risk of flight).

After a June 25, 2019 detention hearing, this Court ordered Mejia-Nunez detained pending trial. Docket No. 17. This Court's decision considered that Mejia-Nunez's family offered to surrender property interests in their home and business as collateral. Id. at 4. However, in weighing all the relevant factors, this Court found that the government had met its

burden regarding detention. Specifically, this Court noted the nature of Mejia-Nunez's charges, the significant amount of drugs involved, and the presumption applicable to the case. Id. at 4-5.

On August 27, 2019, Mejia-Nunez appealed this Court's detention decision to the District Judge to whom the case is assigned. Docket No. 25. In an October 9, 2019 order, the District Judge affirmed the detention decision, Docket No. 33, which, on October 22, 2019, Mejia-Nunez appealed. Docket 37. On February 25, 2020, the United States Court of Appeals for the First Circuit upheld the detention decision. Docket No. 46.

Citing the COVID-19 pandemic, on April 3, 2020, Mejia-Nunez filed a motion for temporary release. Docket Nos. 56, 57. The government filed its opposition on April 8, 2020, Docket No. 61, and this Court held a hearing on April 13, 2020.

II.   ANALYSIS

Section 3142(i) provides that this Court may "permit the temporary release of the person in custody . . . to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. 3142(i). This provision has been used "sparingly" to permit the temporary release of a defendant in cases of serious injury or medical condition. See United States v. Hamilton, No. 19-CR-54-01 (NGG), 2020 WL 1323036 at *2 (E.D.N.Y. Mar. 20, 2020). The defendant bears the burden of establishing circumstances warranting temporary release under Section 3142(i). United States v. Clark, No. 19-40068-01-HLT, 2020 WL 1446895 at *2 (D. Kan. Mar. 25, 2020). A determination of whether the COVID-19 pandemic constitutes a compelling reason should be undertaken on an individualized, case-by-case basis. United States v. Lunnie, No. 4:19-CR-00180 KGB, 2020 WL 1644495 at *2 (E.D. Ark. Apr. 2, 2020). Reasons presented by the defendant should be considered in the context of whether they "effectively override or at least

sufficiently counterbalance the findings that originally justified the pretrial detention order." Clark, 2020 WL 1445895 at *3.  A defendant is not entitled to temporary release based "solely on generalized COVID-19 fears and speculation."  Id.; see also United States v. Lee, No. 19-CR-298 (KBJ), 2020 WL 1541049 at *6 (D.D.C. Mar. 30, 2020).

This Court is mindful of the seriousness of the COVID-19 pandemic.  However, Mejia-Nunez has not met his burden to justify temporary release.  Mejia-Nunez pointed to hyperlipidemia, abnormal liver enzymes, and obesity to demonstrate his personal health risks with respect to the pandemic.  Docket. No. 57 at 9.  Nevertheless, his counsel stated at the hearing that these conditions are merely precursors to conditions (namely liver disease and morbid obesity) that, according to the Centers for Disease Control, place individuals at seriously elevated risk of complications from COVID-19.  Rather, Mejia-Nunez's arguments center on systemic concerns that apply to all detained individuals.  Such arguments are insufficient, without more, to support release.

Mejia-Nunez continues to pose a flight risk and a danger to the community given the nature of the charges, particularly the quantity of drugs involved (over five kilograms of fentanyl) and his possession of a firearm and hollow point ammunition.  Accordingly, Mejia-Nunez's motion for temporary release is denied.

### RIGHT OF APPEAL

THE PERSON DETAINED BY THIS ORDER MAY FILE AN APPEAL FROM A RELEASE OR DETENTION ORDER PURSUANT TO 18 U.S.C. § 3145(c).

                                       /s/ Jennifer C. Boal
                                       JENNIFER C. BOAL
                                       United States Magistrate Judge